|   |   |
|---|---|
| 1 |   |
| 2 |   |

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| KIMO GOMEZ, | Case No. 1:20-cv-000789-SAB |
|---|---|
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING CLERK OF COURT TO ISSUE SUMMONS |
| v. |   |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 4) |
| Defendant. |   |

Kimo Gomez ("Plaintiff") filed a complaint in this action seeking review of the final decision of the Commissioner of Social Security denying disability benefits. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's originally filed application did not contain sufficient information for the Court to determine whether Plaintiff is entitled to proceed IFP, and on June 9, 2020, the Court ordered Plaintiff to file a long form IFP application. (ECF No. 3.) On June 29, 2020, Plaintiff filed a long form IFP application. (ECF No. 4.)

In order to proceed in court without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and

1  not a right.  Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process").  A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life.  Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion.  Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.  See, e.g., Boulas v. United States Postal Serv., No. 118CV01163LJOBAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018); Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009).  The 2020 Poverty Guidelines for the 48 contiguous states provides that the poverty threshold for a household of two is $16,910.00.  2020 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited June 30, 2020).

In the originally filed application, Plaintiff indicated: (1) no source of income, despite the application requesting disability income; (2) an amount of $400.00 in Plaintiff's checking account; (3) monthly housing expenses in the amount of $1,300.00; (4) monthly transportation costs in the amount of $200.00; (5) monthly utilities in the amount of $450.00; (6) ownership of a vehicle valued at $7,000.00; and (7) a daughter that relies on Plaintiff's support.  (ECF No. 2.)

In the newly filed long form application, Plaintiff indicates: (1) disability income in the amount of $2,201.00 per month; (2) $200.00 in a checking account; (3) a 2014 Cadillac valued at $7,500.00; (4) a mortgage payment of $1,300.00 per month; (5) $500.00 in monthly utility costs; (6) monthly home maintenance costs of $ 75.00; (7) monthly food costs of $600.00; (8) transportation costs of $50.00; (9) auto insurance of $50.00 per month; and (10) credit card

payments of $200.00 per month.  (ECF No. 4 at 4-5.)  Plaintiff also indicates a nineteen (19) year old daughter relies on Plaintiff for support.  (Id. at 3.)

Thus, Plaintiff claims $2,201.00 in monthly disability income and $2,775.00 in monthly expenses, or $26,412.00 in annual income and $33,300.00 in annual expenses.  Although there is some variation between the expenses listed in the initial application and new application, the Court will accept Plaintiff's proffered amounts in the new application as they appear more delineated, and while utility costs were increased, transportation costs were reduced, and thus appears to reflect a more precise breakdown of the monthly expenses.  While some expenses appear somewhat high, such as utilities, they do not appear exorbitant or implausible.

While Plaintiff's income exceeds the poverty guidelines, given Plaintiff's sworn expenses exceed the amount of income, the Court finds Plaintiff's application to proceed *in forma pauperis* demonstrates entitlement to proceed without prepayment of fees and shall be granted.  Plaintiff is hereby directed to paragraph 1 of the scheduling order to be issued in this action, which directs that the summons and complaint shall be served **within 20 days of the filing of the complaint.**  Plaintiff shall promptly file proof of service with the Court upon completion of service.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's application to proceed *in forma pauperis* is GRANTED;
2. The Clerk of Court is DIRECTED to issue a summons; and
3. The United States Marshal is DIRECTED to serve a copy of the complaint, summons, and this order upon the defendant if requested by the plaintiff.

IT IS SO ORDERED.

Dated:  **June 30, 2020**

UNITED STATES MAGISTRATE JUDGE